UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Medtronic, Inc., a Minnesota corporation; and Medtronic USA, Inc., a Minnesota corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>Rory Carmichael,<br><br>        Defendant. | Civil No. 11-123 (DWF/JJG)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

---

Jonathan S. Parritz, Esq., Nadege J. Souvenir, Esq., Wayne S. Moskowitz, Esq., and William Z. Pentelovitch, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Plaintiffs.

Kaarin S. Nelson, Esq., and Thomas W. Pahl, Esq., Foley & Mansfield PLLP; and Michael R. Carey, Esq., Carey O'Malley Whitaker & Mueller P.A., counsel for Defendant.

---

**INTRODUCTION**

      This matter is before the Court on a Motion to Dismiss or, in the Alternative, Transfer Venue (Doc. No. 5) brought by Defendant Rory Carmichael and a Motion to Remand (Doc. No. 9) brought by Plaintiffs Medtronic, Inc. and Medtronic USA, Inc. (collectively, "Medtronic"). For the reasons set forth below, the Court grants Medtronic's motion to remand and denies as moot Carmichael's motion to dismiss or transfer.

## BACKGROUND

Medtronic is a diversified medical technology company, specializing in implantable and interventional therapies for treating a wide variety of diseases and disorders. (Compl. ¶ 5.) Among other things, Medtronic researches, designs, develops, manufactures, markets, and sells devices used by physicians to treat cardiac rhythm diseases and disorders. (*Id.*)

Carmichael was originally hired by Medtronic in May 1997 as a District Sales Manager in its Tampa, Florida, district. (*Id.* ¶ 9.) On or about May 20, 2005, Carmichael became Regional Vice-President for Medtronic's Florida Region. (*Id.* ¶ 10.) In connection with that promotion, he signed a Medtronic Employee Agreement ("Employee Agreement"). (*Id.*) The Employee Agreement contained several provisions relating to the preservation and protection of Medtronic's confidential information, including a non-compete provision. (*Id.* ¶¶ 11-19.) The Employee Agreement also contained the following forum selection clause:

> 7.3  <u>Venue and Personal Jurisdiction</u>.  Any dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota.  Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and MEDTRONIC arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota.  Employee hereby irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.

(Compl. ¶ 21, Ex. A at 8.)

On or about January 6, 2009, Carmichael and Medtronic signed a Separation

Agreement and Release ("Separation Agreement"). (Compl. ¶ 31.) The Separation Agreement contains the following provision:

> **4.10  Entire Agreement.**  The parties agree that, except as it relates to the provisions of the Medtronic Employee Agreement executed by Carmichael concerning confidential information, inventions, documents, and tangible things and post-employment restrictions, and except as it relates to agreements related to the grant of any stock award, stock option or promissory note, this Agreement supersedes any prior arrangements, agreements or contracts, whether written, oral or implied (in law or fact), between them and contains the entire understanding and agreement between the parties and cannot be amended, modified or supplemented in any respect, except by a subsequent written agreement executed by both parties.

(Doc. No. 2, Ex. B.)  The Separation Agreement does not contain a forum selection clause.

Medtronic filed suit against Carmichael in Minnesota state court on December 17, 2010.  The Complaint asserts claims for breach of the Employee Agreement and breach of the Separation Agreement.  Medtronic alleges that Carmichael breached various provisions concerning confidential information and post-employment restrictions.

Carmichael removed the action to this Court on January 18, 2011 and filed his Motion to Dismiss, or, in the Alternative, Transfer Venue on January 27, 2011, arguing that the actions and conduct alleged in the Complaint all occurred in Florida.  Medtronic filed its Motion to Remand on February 9, 2011, arguing that the Employee Agreement's forum selection clause governs this action.  Carmichael contends that the forum selection clause was superseded by the Separation Agreement and is therefore void.

## DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c). The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating federal jurisdiction. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The Court should resolve any doubt as to the propriety of removal in favor of remand. *Id*.

The district court also has the inherent power to remand a case to state court to give effect to a forum selection clause. *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1056 n.1 (D. Minn. 2008). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972)).

Here, Carmichael does not contend that the forum selection clause itself is unjust, unreasonable, or invalid for reasons such as fraud or overreaching. Carmichael argues instead that the forum selection clause contained in the Employee Agreement was

superseded by the Separation Agreement.  Carmichael contends that the Separation Agreement's Entire Agreement clause is an integration clause.  Relying on *Arizant Holdings Inc. v. Gust*, 668 F. Supp. 2d 1194, 1202 (D. Minn. 2009), Carmichael asserts that any section of the Employee Agreement not expressly enumerated in the Entire Agreement clause is dead letter and unenforceable.  Carmichael argues further that where a contract specifically enumerates one or more instances of a class, unenumerated instances of the same class are excluded by implication.  According to Carmichael, the Separation Agreement carefully listed the surviving provisions of the Employee Agreement but left out the jurisdictional section.

Medtronic asserts that the forum selection clause is a procedural provision of the Employee Agreement and is among the provisions that concern confidential information and post-employment restrictions.  Medtronic argues that the forum selection clause is thus preserved by the language of the Entire Agreement clause in the Separation Agreement.  Medtronic asserts that all of the claims in this action arise out of or are related to the Employee Agreement and therefore should be heard and decided in state court, consistent with the parties' agreed-to forum selection clause.

The Court concludes that the Employee Agreement's forum selection clause was not superseded by the Separation Agreement.  The Court respectfully disagrees with Carmichael's description of the Entire Agreement clause as expressly enumerating the surviving provisions of the Employee Agreement.  The relevant language states: "except as it relates to the provisions of the [Employee Agreement] concerning confidential

information . . . and post-employment restrictions . . . this Agreement supersedes any prior arrangements . . . ." The issue then is not whether the forum selection clause deals with confidential information and post-employment restrictions, as argued by Carmichael, but rather whether the forum selection clause "relates to the provisions . . . concerning confidential information . . . and post-employment restrictions."[1] Because the forum selection clause constitutes the parties' agreement as to which court has jurisdiction over an alleged breach of the relevant provisions, the Court concludes that the forum selection clause "relates to the provisions . . . concerning confidential information . . . and post-employment restrictions."[2]

---

[1] The Entire Agreement clause is significantly different from the merger clause at issue in *Arizant*. There, the merger clause stated that the most recent contract contained the parties' entire agreement except for a specific pre-existing contract which remained, in its entirety, "in full force and effect." *See* 668 F. Supp. 2d at 1201-02. Here, Medtronic and Carmichael agree that some portions of the Employee Agreement are no longer valid while other portions of that Agreement continue to govern the parties' relationship. *Arizant* is therefore inapposite.

[2] Support for this reading of the Entire Agreement clause may be found in the immediately following provision of the Separation Agreement:

> **4.11  Choice of Law.**  This Agreement shall be governed by the laws of the State of Florida except as follows:  If a conflict arises between the application of Florida law to the interpretation of this Agreement and the application of Minnesota law to the interpretation of the Employee Agreement, the application of Minnesota law shall take precedence as to the interpretation and resolution of that issue.  This provision shall not govern the Employee Agreement.

This choice of law provision in the Separation Agreement indicates that the provision
(Footnote Continued On Next Page)

Accordingly, the parties continue to be bound by the Employee Agreement's forum selection clause, in which Carmichael and Medtronic agreed that "[a]ny dispute arising out of or related to this Agreement . . . shall be exclusively decided by a state court in the State of Minnesota." (Employee Agreement ¶ 7.3.) The Court concludes that both Medtronic's claim for breach of the Employee Agreement and its claim for breach of the Separation Agreement arise out of or are related to the Employee Agreement. Medtronic, in its Complaint, has alleged that the same conduct violated both agreements. The Court therefore concludes that this action should be remanded to the District Court, State of Minnesota, County of Anoka. The Court thus need not address Carmichael's Motion to Dismiss or, in the Alternative, Transfer Venue.

---

(Footnote Continued From Previous Page)
stating that Minnesota law governs the Employee Agreement, paragraph 7.2 of that agreement, was not superseded by the Separation Agreement's Entire Agreement clause. Paragraph 7.2 of the Employee Agreement relates to the surviving provisions identified in the Separation Agreement's Entire Agreement clause in the same manner in which paragraph 7.3 of the Employee Agreement, the forum selection clause, relates to those surviving provisions. Those paragraphs therefore survived execution of the Separation Agreement.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1. Medtronic's Motion to Remand (Doc. No. [9]) is **GRANTED**.

2. Carmichael's Motion to Dismiss or, in the Alternative, Transfer Venue (Doc. No. [5]) is **DENIED AS MOOT**.


Dated: June 6, 2011              s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge